### AMOS S. TREAT'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, tit. 20, sec. 21) provides that whenever an executor or administrator shall neglect to perform the duties of his trust, or shall waste the estate, any heir, devisee, legatee or creditor, "who has been injured or may be exposed to injury," may make complaint in writing to the court of probate; which may upon a hearing, if the allegations of the complaint are found to be true, remove such executor or administrator. An heir at law made a complaint to a court of probate that $T$, who had been appointed administrator on the estate of $M$, had upon his appointment taken possession of the estate, then of the value of five thousand dollars, and had ever since held possession, but, though more than a year had elapsed, had never returned any inventory of the estate, and had in no manner discharged any of his duties as administrator; averring that the complainant was one of the heirs of $M$, who was his sister, and had died unmarried and intestate. Held—1. That it sufficiently appeared that the complainant was "exposed to injury," although there was no direct averment to that effect.—2. That the averment that $T$ had in no manner discharged any of his duties as administrator, would support a finding of the court that he had neglected to comply with an order of the probate court limiting a time for the presentation of claims by creditors, and directing the administrator to give public notice of such order.—3. That a finding by the court that $T$ on his appointment took possession of the estate, and had never returned an inventory of it, and that it had never been appraised, was a substantial finding that there were assets of the estate.

The strict rules of pleading are not applied to petitions to a probate court. Where, by fair and reasonable intendment the necessary averment can be substantially found, the petition will be held sufficient.

APPEAL from a decree of a court of probate removing the appellant from the office of administrator of the estate of Mary B. Treat; taken to the Superior Court in Fairfield County. That court (*Pardee, J.*,) affirmed the decree, and the appellant brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*Bullock*, for the plaintiff in error.

*Sanford*, for the defendant in error.

PHELPS, J. The appellant is a brother and heir at law of the deceased, and on the first day of December, 1870, was appointed sole administrator of her estate, which appointment and trust he accepted and for the faithful performance thereof gave bond in due form of law to the acceptance of the court of probate.

At the time of his appointment as administrator the probate court made an order limiting six months for the creditors of the estate to exhibit their claims to the administrator, and directed him to give public notice of the order in the mode prescribed by law; and also made an order limiting two months to the administrator within which to make or cause to be made a true and perfect inventory and appraisal of all the estate, and a list of all the credits and choses in action pertaining to the same, and appointed appraisers to assist the administrator in making such inventory and appraisal; and also made an order limiting and allowing twelve months within which the administrator was to settle the estate.

The complainant, a brother of both the appellant and the deceased, on the seventeenth day of January, 1872, preferred a petition to the probate court praying, for reasons therein set forth, for the removal of the appellant as administrator of the estate, upon which petition a hearing was had before the probate court on the ninth day of February, 1872, and a decree was passed by the court granting the prayer of the petitioner and removing the appellant. The appellant took an appeal from that decree to the Superior Court, and was there heard

upon the sufficiency of his reasons, and the Superior Court overruled the demurrer of the appellant and affirmed the decree of the probate court, whereupon the appellant by motion in error brought the cause before this court.

Two questions are presented by the record. The appellant first assigns for error that the petition is legally insufficient, because it does not therein appear, and cannot therefrom with legal and reasonable certainty be inferred, that the petitioner was injured or exposed to injury by the acts and omissions of the appellant of which he complains, and that the Superior Court mistook the law in its finding and judgment that the complainant's petition was sufficient.

The General Statutes, title 20, chapter 1, section 21, provide that "whenever an administrator shall neglect or refuse to perform the duties of his trust, or shall waste the estate on which he administers, any heir, creditor, legatee, &c., who has been injured, or may be exposed to injury, may make complaint in writing to the court of probate, and if said court shall, after proper notice given and on due inquiry, find the facts stated in the complaint to be true, it shall remove such administrator from office, &c."

It is alleged in the complaint that " upon his appointment the appellant took immediate possession of all said estate, which was then of the value of over $5,000, and has ever since held and still holds the same, and that although more than a year has elapsed since the granting of administration to the appellant, he has never made and returned any inventory of said estate, but has wholly neglected and refused so to do, and has in no manner proceeded to discharge any of the duties by law incumbent on him as administrator on said estate, but has ever hitherto neglected and refused, and still neglects and refuses, to fulfil any of the duties of his said trust, and has wasted and still wastes the estate."

That the foregoing recited allegations of the complaint are precisely descriptive of such conduct by an administrator as justly subjects him to removal, is not disputed, but their effect is sought to be avoided under the technical claim that there is no averment that the petitioner is thereby injured or exposed to injury.

It is true the complainant does not so aver in direct terms, and if the proceeding was an ordinary action upon a statute for a violation of some essential provision, such want of strict averment of material matter would be fatal on demurrer. But in probate forms of this description the utmost strictness in declaring is not usually considered so essential, and when by fair and reasonable intendment the necessary averment can be substantially found, the complaint will be held sufficient. It is alleged by the petitioner that " he is a brother of the deceased, who died single and unmarried without ever having had any children, and is one of her heirs at law, and largely interested in said estate and in the proper settlement thereof." Under these averments the direct interest of the petitioner is reasonably clear and certain, and if it be true, as is confessed by the demurrer, that the administrator was for more than a year keeping possession of the estate, and wasting it, and refusing or neglecting to cause it to be inventoried, so that heirs and others interested could be informed of what it was composed, and was refusing or neglecting to publish the order of the court of probate limiting to creditors the time within which they must exhibit their claims against the estate, that the liabilities of the estate might be ascertained and compared with its assets, so as proximately to determine the measure of the interest of the respective heirs and creditors, and was in no manner proceeding to discharge any of the duties incumbent on him as administrator, we think, in view of the importance and sacredness of the trust connected with the administration and settlement of the estates of deceased persons, we should be defending a wrong to hold, under the language of those averments, that it did not with sufficient distinctness appear that the petitioner was at least exposed to injury. By this we must not be understood to justify or encourage looseness and indirectness of averment in pleading. Unquestionable certainty is always most desirable and safest in every legal proceeding, but under our practice in probate forms of this character, when a plain breach of official duty is sought to be shielded behind a naked technicality, an intendment so reasonably clear as we are able in this case to find, should without hesitation be sustained.

It is also assigned for error that the Superior Court mistook the law in finding that the appellant never complied with the order of notice to creditors, and founding its decree on such finding, because such finding is not responsive or applicable to the issues on which the parties were heard, or to any substantive allegation in the petition ; and also that, from the facts found, it does not appear, and the Superior Court could not know, or legally infer therefrom, that there was any estate of which it had been the duty of the appellant to make an inventory.

It is no doubt properly assumed by the appellant that the Superior Court founded its decree in part on the finding of the fact that he never complied with the order of the court of probate directing him to publish the notice to creditors of the limitation for the exhibition of their claims against the estate. The Superior Court finds this with other facts, among which is one that such an order was made by the court of probate, and we think it is fairly included in, and put in issue by, the averment in the complaint, that he has in no manner proceeded to discharge any of the duties by law incumbent on him as administrator of said estate, and that he still neglects and refuses to fulfill, or to attempt to fulfill, any of the duties of his said trust.

With regard to the objection that it does not appear from the facts found by the Superior Court, and that the court could not know, or legally infer from its finding, that there was any estate which it was the duty of the administrator to cause to be inventoried, we think it is sufficient to say that it appears from that finding that on his appointment he took possession of the estate, and has never returned an inventory of it, and that it has never been appraised. This language is capable of no sensible construction except that which applies it to assets belonging to the estate in the hands of the appellant as administrator. But if such construction is unsatisfactory, it further appears from the finding that, upon a hearing of the application of the petitioner made to the court of probate on the sixth day of November, 1871, praying that the appellant account for and concerning the estate of the

deceased intrusted to his charge, there were considerable assets both real and personal belonging to the estate then in his possession, a particular account and statement of which was set forth at length in the written accounting made by the appellant on the thirteenth day of November, 1871, to the court of probate, in response to the prayer of that petition.

There is no error in the decree of the Superior Court.

In this opinion the other judges concurred.